**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-20497
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID HESTON GARY, also known as David Heston Harrell,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-316-ALL

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Heston Gary appeals his guilty plea conviction for possession of a firearm during and in relation to a drug trafficking offense. He argues that the district court erred by accepting his guilty plea because the factual basis did not establish that he carried a weapon in relation to an underlying drug trafficking crime.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gary asserts that the issue should be reviewed for plain error because it was not raised in the district court. To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the defendant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The Government's factual basis showed that, following a traffic stop, distributable quantities of narcotics and a firearm were found in a closed compartment of the vehicle driven by Gary. However, Gary maintained at rearraignment that the vehicle belonged to his niece and that he was not aware that there was a firearm in the vehicle until, while being pursued by police due to a traffic violation, he opened the compartment to hide the drugs.

The record shows that Gary pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). An *Alford* plea is one in which the defendant maintains his innocence but agrees to plead guilty. *See Alford*, 400 U.S. at 37 An *Alford* plea is constitutionally valid (i.e., voluntary and the result of a knowing and intelligent choice by the defendant), so long as there is a factual basis for the plea, and the court inquires into the conflict between the defendant's pleading guilty, yet maintaining innocence. *Id.* at 38 n.10; *United States v. Jack*, 686 F.2d 226, 230 (5th Cir. 1982). The court may find the plea to have been knowing and intelligent if the evidence presented substantially negates the claim of innocence. *Alford*, 400 U.S. at 37-38.

Gary's guilty plea in this matter satisfies the requirements for an *Alford* plea. The district court inquired extensively into the apparent conflict between Gary's assertion that he was only belatedly aware of the firearm's presence and his entry of a guilty plea to the charge of possessing a firearm during and in relation to a drug trafficking offense. As the district court determined, the Government had evidence that pointed strongly toward Gary's guilt on charges

related to the firearm. Moreover, any claim of lack of knowledge of the firearm on the night in question would have been undermined by evidence that Gary had previously driven the vehicle.

Further, Gary's statements at rearraignment demonstrate that he knew that he was pleading guilty because the Government had evidence to negate substantially his assertion of innocence and that he made a knowing and intelligent decision to plead guilty rather than to stand trial. By pleading guilty Gary reduced his total offense level by securing a three-level reduction for acceptance of responsibility, an adjustment Gary would likely not have received had he exercised his right to a trial. *See* U.S.S.G. § 3E1.1, comment. (n.2).

Gary has not shown that the district court erred, plainly or otherwise, in accepting his guilty plea. *See Alford*, 400 U.S. at 37-38 & n.10. The judgment of the district court is AFFIRMED.